

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2004

# Bin Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1715

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bin Chen v. Atty Gen USA" (2004). *2004 Decisions.* Paper 791.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/791

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1715

BIN CHEN,

Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,

Respondent

_____

On petition for review of a final order
of the Board of Immigration Appeals
File No:  A77-551-032

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on March 25, 2004

Before:  FUENTES, SMITH, and
JOHN R. GIBSON,* *Circuit Judges*

(Filed:   April 22, 2004)

_____

OPINION OF THE COURT

_____

*The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

JOHN R. GIBSON, *Circuit Judge*.

Bin Chen petitions for review of a decision by the Board of Immigration Appeals ("Board") denying Chen's motion to reopen his case. For the reasons set out below, we deny Chen's petition for review.

I.

Chen, a citizen of the People's Republic of China, entered the United States in January, 1999, with a false passport. The Immigration and Naturalization Service issued Chen a Notice to Appear, charging that he was removable from the United States under 8 U.S.C. § 1227(a)(1)(A). At a hearing before an Immigration Judge, Chen admitted removability, but applied for asylum, withholding of removal, and protection under the Convention Against Torture.

At an evidentiary hearing on the merits of Chen's application, Chen testified that he is a native and citizen of China, where he lived with his wife and son. After his son was born, officials enforcing China's family planning policy forcibly inserted an IUD into his wife's body. The Chens paid a private doctor to remove it, and his wife became pregnant again. Chen's employer forced her to have an abortion, inserted another IUD, and fined the family. Chen's company denied Chen his half-year bonus and publicly criticized him for violating China's family planning policy, including placing his name on a workplace bulletin board.

Chen's wife again became pregnant. She was taken away and forced to undergo an

2

abortion. Another fine was assessed against the Chens. Chen testified that his company wanted to sterilize his wife, but determined that due to blood loss during the second abortion, she was physically unable to undergo the procedure. Therefore, the company told Chen that he would be sterilized instead of his wife. Chen did not report to have the procedure done and was fired from his job.

At the hearing, Chen supplied documentation to support his asylum application, such as a receipt for the first fine assessed against him, certificates from the birth control operations, the notice of termination from his job, birth certificates, his marriage certificate, and a household register.

Chen testified that his wife remained in China. She did not come to the United States because he "met this person and I had this chance, and she do not." Chen said he could not afford to pay for both himself and her. Chen does not want to return to China because he fears sterilization, arrest, or placement in a re-education camp.

On December 6, 1999, the Immigration Judge orally denied Chen's application for asylum. The Judge found that Chen's testimony was not detailed, consistent, or understandable. The Judge found parts of the testimony "virtually incomprehensible" and noted that "an essential piece of corroboration is lacking in this case and that is an affidavit" from Chen's wife attesting to the fact that the abortions were involuntary. The Judge said he would deny relief "on the basis of a negative exercise of discretion," noting that Chen did not adequately explain why he came to the United States and his wife did

3

not, stating that Chen's actions were not "the type of conduct that we should be encouraging here with grants of asylum."

Chen timely appealed the Immigration Judge's decision to the Board of Immigration Appeals. The Board affirmed on October 8, 2002. Chen did not seek judicial review of the Board's decision. Rather, on December 27, 2002, Chen moved the Board to reopen his case to allow him to submit new evidence, consisting of Chen's and his wife's resident identification cards, an affidavit from his wife, and a school notice announcing Chen's violation of China's family planning policy.

On February 12, 2003, the Board denied Chen's motion to reopen. The Board concluded that as to the identification cards and the affidavit, Chen had not demonstrated that the evidence was previously unavailable. As to the school notice, the Board held that it did not "support a finding that the respondent's wife was forced to undergo two involuntary abortions, especially in view of the Immigration Judge's adverse credibility finding which we affirmed in our October 8, 2002, order."

Chen filed a petition for review with this court on March 14, 2003. Chen claims that the Board erred in affirming the Immigration Judge's denial of his request for asylum and for denying his motion to reopen. We will address each claim in turn.

II.

The Attorney General has discretion to grant asylum to an alien who qualifies as a refugee. 8 U.S.C. § 1158(b) (2000). A refugee is a person who is unable or unwilling to

return to his or her native country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). In the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Congress specified that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion . . ." Pub. L. No. 104-208, 110 Stat. 3009-546 (Sept. 30, 1996). The applicant bears the burden of establishing refugee status. See 8 C.F.R. § 208.13(a) (2002); Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). If an applicant fails to establish that he or she is entitled to asylum, we may presume that he or she cannot meet the higher standard required for withholding of removal. Janusiak v. INS, 947 F.2d 46, 47-48 (3d Cir. 1991).

Much of Chen's brief is dedicated to arguing that he is actually eligible for asylum and that we should overturn the Board's October 8, 2002 decision. However, Chen waived his right to judicial review of this decision. A petition for judicial review must be filed within 30 days of the Board's decision. 8 U.S.C. § 1252(b)(1). Chen did not seek judicial review within this time. The 30-day time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405

5

(1995) (construing former 8 U.S.C. § 1105a(a)(1)).[1]

Chen's motion to reopen his case does not change our conclusion. The Supreme Court has held that the finality of an underlying deportation order is unaffected by the subsequent filing of a motion to reconsider or reopen. Id. Thus, Chen's December 27, 2002 motion to reopen does not toll the 30-day deadline for seeking judicial review of the October 8, 2002 merits decision. Therefore, to the extent that Chen seeks review of either the Immigration Judge's order denying asylum or the Board's decision affirming that order, we are without jurisdiction to hear his claims. See Martinez-Serrano v. INS, 94 F.3d 1256, 1258 (9th Cir. 1996) (applying former 8 U.S.C. § 1105a(a)(1)).

Chen also petitions for review of the Board's denial of his motion to reopen his case. The Board denied the motion on February 12, 2003. Chen filed a petition for review with this court on March 14, 2003. Therefore, the petition was filed within the 30-day window and we have jurisdiction to review the Board's denial of the motion to reopen. Our review is for abuse of discretion. INS v. Doherty, 502 U.S. 314, 322 (1992). We will not overturn the Board's decision unless it was arbitrary, irrational, or contrary to law. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

Chen sought to introduce four pieces of new evidence in his motion to reopen,

---

[1]The Immigration and Nationality Act originally imposed a 90-day time period to file a petition for judicial review, but IIRIRA shortened the time period to 30 days. The 30-day provision applies to all final orders entered after October 30, 1996. See Singh v. INS, 315 F.3d 1186, 1188 (9th Cir. 2003).

6

including two resident identification cards and an affidavit from his wife. The Board found that Chen failed to show why this evidence was previously unavailable. Motions to reopen shall not be granted unless it appears to the Board that the evidence sought to be offered "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); see also INS v. Abudu, 485 U.S. 94, 104-05 (1988). Chen makes no argument in his brief why the Board abused its discretion with respect to these rulings. Therefore, Chen has waived the issue. See Fed. R. App. P. 28(a)(9) (an argument must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); Martinez-Serrano, 94 F.3d at 1260.

Chen also produced a school notice dated November 8, 2002, which stated that Chen was fined for violating the family planning policy. The Board found that the notice did not "support a finding that the respondent's wife was forced to undergo two involuntary abortions, especially in view of the Immigration Judge's adverse credibility finding which we affirmed in our October 8, 2002, order."

Chen argues that the Board abused its discretion because the Immigration Judge did not make any credibility finding in his order. While the Board's order referred to the Judge's decision, the Board made an independent determination that the new evidence did not substantially alter Chen's claim for asylum. The Board noted that the school notice does not corroborate Chen's claim that his wife was forced to have two involuntary

7

abortions. The evidence did not add any new facts, but merely bolstered Chen's original claim that was already determined insufficient to support a grant of asylum. Therefore, the Board was within its discretion in concluding that the affidavits were not material and did not justify reopening Chen's case.

Accordingly, Chen's petition for review is DENIED.